# UNITED STATES DISTRICT COURT

for the

District of Alaska ▾

Juneau Division

| | |
|---|---|
| Austin Wayne Cranford ) | Case No. |
| ) | _(to be filled in by the Clerk's Office)_ |
| ) | |
| _____ ) | |
| _Plaintiff(s)_ ) | Jury Trial: _(check one)_ ☑Yes ☐No |
| _(Write the full name of each plaintiff who is filing this complaint._ ) | |
| _If the names of all the plaintiffs cannot fit in the space above,_ ) | |
| _please write "see attached" in the space and attach an additional_ ) | |
| _page with the full list of names.)_ ) | |
| -v- ) | |
| ) | |
| The City and Borough of Sitka ) | |
| The Sitka Police Department ) | |
| John M. Leach - Municipal Administrator ) | |
| The City and Borough of Sitka Assembly ) | |
| _____ ) | |
| _Defendant(s)_ ) | |
| _(Write the full name of each defendant who is being sued. If the_ ) | |
| _names of all the defendants cannot fit in the space above, please_ ) | |
| _write "see attached" in the space and attach an additional page_ ) | |
| _with the full list of names. Do not include addresses here.)_ ) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Austin Wayne Cranford |
| Address | 616 Sawmill Creek Rd. |
| | Sitka AK 99835 |
| | *City* *State* *Zip Code* |
| County | Sitka |
| Telephone Number | 907-201-0340 |
| E-Mail Address | Austinwcranford@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | The City and Borough of Sitka |
| Job or Title *(if known)* | N/A |
| Address | 100 Lincoln St. |
| | Sitka AK 99835 |
| | *City* *State* *Zip Code* |
| County | Sitka |
| Telephone Number | (907) 747-1800 |
| E-Mail Address *(if known)* | clerk@cityofsitka.org |

☐ Individual capacity  ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | The Sitka Police Department |
| Job or Title *(if known)* | |
| Address | 304 Lake St # 102 |
| | Sitka AK 99835 |
| | *City* *State* *Zip Code* |
| County | Sitka |
| Telephone Number | (907) 747-3245 |
| E-Mail Address *(if known)* | |

☐ Individual capacity  ☑ Official capacity

Defendant No. 3

| | |
|---|---|
| Name | The City and Borough of Sitka Assembly |
| Job or Title *(if known)* | |
| Address | 100 Lincoln St. |

| | | |
|---|---|---|
| Sitka | AK | 99835 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Sitka |
| Telephone Number | (907) 747-1800 |
| E-Mail Address *(if known)* | assembly@cityofsitka.org |

☐ Individual capacity ☑ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | John M. Leach |
| Job or Title *(if known)* | Municipal Administrator |
| Address | |

| | | |
|---|---|---|
| Sitka | AK | 99835 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Sitka |
| Telephone Number | (907) 747-1812 |
| E-Mail Address *(if known)* | administrator@cityofsitka.org |

☐ Individual capacity ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials? The defendants are violating the Plaintiff's rights under the First Amendment to the United States Constitution, which protects freedom of speech. Specifically, the defendants are engaged in viewpoint discrimination by selectively allowing some members of the public to comment on the Sitka Police Department's official Facebook page while restricting others. This action suppresses protected speech in a public forum.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.
The City and Borough of Sitka, through its officials, acted under color of law by establishing and enforcing an official social media policy and practice that governs speech on an official government social media page, and John Leach, who, as a City representative, made an official statement regarding the policy and its enforcement in a June 4, 2025 email.

## III.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   Where did the events giving rise to your claim(s) occur?
The events occurred on the official Facebook page of the Sitka Police Department and within the jurisdiction of the city and borough of Sitka where both plaintiff and defendant reside

B.   What date and approximate time did the events giving rise to your claim(s) occur?
The relevant events occurred between June 4, 2025, and August 2, 2025. The initial correspondence occurred in June, while the new evidence was collected on August 2, 2025, at approximately 19:00 AKDT.

C.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Please see attached page

I, Austin Cranford, am a resident of the City and Borough of Sitka. In June 2025, I raised a concern with City officials that the Sitka Police Department's official Facebook page was restricting public comments in violation of the First Amendment.

On June 4, 2025, an official from the City, John Leach City Administrator, responded via email, stating that "Based on confirmation from the SPD that no member of the public is allowed to post comments on the SPD's Facebook page or posts, I do not find cause for any further investigation." This statement claimed that the SPD had a blanket policy of turning off all comments to the public even after this page had previously been open to the public.

On August 2, 2025, at approximately 19:00 AKDT, I observed and took a screenshot (See Below) of a post on the Sitka Police Department's Facebook page. This screenshot clearly shows that a member of the public, Bryant Poppas, was able to post a comment on that post. This directly contradicts the City's previous statement from June 4th.



**Sitka Police Department**
Yesterday at 11:47 AM · 🌐

Remember, come to Harrigan Hall tonight at 6:00 to meet the new chief and give your input on what the priorities of the department should be. Meet and greet starts at ... **See more**





**Sitka Police Department**
Government organization

😊❤️ Tara Smith and 32 others

2 comments  5 shares

👍 Like                          ↪ Share

💬 Sitka Police Department limited who can comment on this post.



**Sitka Police Department**
Government organization

😄 Send message

👍😊 Tara Smith and 32 others

2 comments  5 shares

👍 Like

🔗 Share

💬 Sitka Police Department limited who can comment on this post.

Most relevant ▾

**Bryant Pappas**
Will it be live streamed ?

1d   Like

👍

✏️ Author
**Sitka Police Department**
**Bryant**, we are going to try. We've never done it, and we have some account hurdles to jump through, but if we can, we will.

1d   Like   Reply

3 👍

The fact that the Sitka Police Department's Facebook page allows some members of the public to comment while restricting others, including myself, demonstrates a practice of selective enforcement. The City's continued refusal to address this issue, along with its misleading statement in June and its subsequent contradictory explanation, constitutes a deprivation of my First Amendment right to free speech in what the City's own actions have established as a public forum.

The City, the Sitka Assembly, the Sitka Police Department, and the City Administrator John Leach are all involved in either creating, approving, or enforcing this unconstitutional policy.


## Social Media Policy Response
6 messages

**John Leach** <john.leach@cityofsitka.org>                                                    Wed, Jun 4, 2025 at 9:24 AM
To: Austin Cranford <austinwcranford@gmail.com>
Cc: Rachel Jones <rachel.jones@cityofsitka.org>, Sara Peterson <sara.peterson@cityofsitka.org>, Mindy Lowrance
<mindy.lowrance@cityofsitka.org>, Melissa Wileman <melissa.wileman@cityofsitka.org>, John Leach
<john.leach@cityofsitka.org>

Mr. Cranford,


You asked me to review assertions contained in your March 18, 2025, email stating that the City and
Borough of Sitka's social media policy violates the US Supreme Court holding in  Lindke v. Freed, 601 U.S.
187, 144 S. Ct. 756, 218 L. Ed. 2d 121 (2024) and related cases. This email is responding to that request
and finds **no cause for further investigation absent a showing of relevant facts.**


1. The *Lindke* line of cases deals with scenarios where a public official's ***personal social media page*** becomes a
   public forum because of that person's choice to conduct public business on that social media page. You have not
   (a) identified a particular individual's ***personal social media*** page that is alleged to be conducting official CBS
   business, or (b) stated the specific actions occurring on that personal page that constitute a free speech violation.
   **Based on the lack of specific information provided, I do not find cause to open an investigation into the
   personal social media pages of any CBS officials or staff.**


2. Regarding the CBS's ***official social media pages***, specifically the Sitka Police Department's Facebook page, the
   CBS does not have an obligation to allow the public to comment. The SPD is not and has not blocked specific
   users; rather, it does not allow comments from any other Facebook account at all. The SPD's Facebook page is
   therefore not a public forum and functions solely as a one-directional notice board. **Based on confirmation from
   the SPD that no member of the public is allowed to post comments on the SPD's Facebook page or posts, I
   do not find cause for any further investigation.**


3. To clarify the status of CBS's ***official social media pages***, I have updated our social media policy to more
   explicitly spell out that:


   a. **CBS official social media pages that do not allow public comments are not public forums** of any type
      (traditional, designated, limited); and
   b. **CBS official social media pages that do allow public comments are limited public forums.** In limited
      public forums, it is lawful for the governmental entity to moderate public comments that are off-topic and to
      impose time, place, and manner restrictions, such as moderating comments that constitute harassment or
      pornography.


I've attached the updated social media policy.


Sincerely,



**John M. Leach**

Municipal Administrator

City and Borough of Sitka, Alaska

100 Lincoln Street, Sitka, Alaska, 99835

(907) 747-1812

administrator@cityofsitka.org

*OUR MISSION: Provide public services for Sitka that support a livable community for all.*

*Service | Integrity | Teamwork | Kindness | Accountability*



Book time to meet with me

---


**Administrative Policy 13-02 (B) Social Media FINAL (002).pdf**
222K

---

**Austin Cranford** <austinwcranford@gmail.com>                    Wed, Jun 4, 2025 at 12:15 PM
To: John Leach <john.leach@cityofsitka.org>
Cc: Rachel Jones <rachel.jones@cityofsitka.org>, Sara Peterson <sara.peterson@cityofsitka.org>, Mindy Lowrance
<mindy.lowrance@cityofsitka.org>, Melissa Wileman <melissa.wileman@cityofsitka.org>, John Leach
<john.leach@cityofsitka.org>

John, I must push back on this email. My original question did not concern an employee's personal account; it concerned
the SPD Facebook account, the SPD account for all intents and purposes, under Linked is a government account. After
reviewing your reply and the recently revised Administrative Policy 13-02(B), I remain concerned that CBS's current
approach to social media, particularly its treatment of the Sitka Police Department's Facebook page, fails to align with the
constitutional obligations articulated in *Lindke* and related First Amendment precedent.

As the Court clarified in *Lindke***, when a public official or entity uses a social media platform to perform official
duties such as issuing public notices, updates, or information related to government operations, that activity
constitutes state action.** As stated by **Justice Barrett in the majority opinion:** *"When a public official possesses
actual authority to speak on behalf of the State and purports to exercise that authority when posting on social
media, the official is engaged in state action."* and *"The question is not whether the page is labeled 'official' or 'personal,'
but whether the official is using the page to speak in their official capacity."* This principle applies whether or not the
public is allowed to comment, and it is especially relevant when the platform is **branded as an official government
channel** and is used to speak on behalf of the municipality. *Justice Barrett again stated, "A public official who uses a
social media account to perform official duties is subject to constitutional constraints, even if the account was originally
personal or if the platform provides private controls."*

While your response suggests that disabling all comments exempts CBS from First Amendment scrutiny by converting
these pages into one-directional notice boards, that interpretation oversimplifies the constitutional analysis. **The mere act
of disabling comments does not erase the state actor role being performed through these platforms.** Nor does it

preclude scrutiny under the First Amendment, particularly when the restriction on public engagement was implemented after comments had historically been permitted. In fact, CBS previously allowed public comments on several official social media pages, including the SPD's Facebook page, before disabling that functionality on the SPD page specifically roughly two years ago. If this decision was made in response to criticism or unfavorable commentary, the policy may reflect viewpoint discrimination by design, which the Court has consistently held to be unconstitutional even in limited or nonpublic forums.

**The government cannot circumvent constitutional obligations by eliminating a forum that had been open to the public simply because the speech became inconvenient or unwelcome.** Doing so does not erase the state action inherent in the continued use of these pages for official communications. **Again by Justice Barret in the Majority Opinion:** *"When the government closes a forum after it has been opened, courts may scrutinize the closure to ensure it is not a pretext for viewpoint discrimination."*

I respectfully urge the City to reconsider its legal interpretation and its current policy approach. Specifically, I encourage a more thorough review of the First Amendment implications of permanently disabling public interaction on official platforms, particularly those that were previously open to public comment. I would also welcome further clarification as to whether these changes were implemented in response to specific content or criticism, as that context is directly relevant under *Lindke*. As stated in my previous emails to the legal department, I intend to file a case with the federal courts for civil rights violations under the First Amendment if this is not resolved on the administrative level. I will also be releasing this email, my response, and the update policy to the public.

Sincerely,
**Austin Cranford**
[Quoted text hidden]

--

Austin W Cranford
Phone: 907-201-0340
Email: AustinWCranford@gmail.com

---

**John Leach** <john.leach@cityofsitka.org>                                    Wed, Jun 4, 2025 at 12:25 PM
To: Austin Cranford <austinwcranford@gmail.com>
Cc: Rachel Jones <rachel.jones@cityofsitka.org>, Sara Peterson <sara.peterson@cityofsitka.org>, Mindy Lowrance <mindy.lowrance@cityofsitka.org>, Melissa Wileman <melissa.wileman@cityofsitka.org>, John Leach <john.leach@cityofsitka.org>

Mr. Cranford,

Please feel free to release my email, your response, and the updated policy to the public as they are all public documents. You are also more than welcome to file a complaint with the federal courts. We have discussed this matter with our own legal team, and similar legal guidance was also provided by legal panels in both Washington State and Oregon State during the 2024 and 2025 Northwest City Manager's conferences. I consider the matter closed from a CBS administrative perspective, and I will not be investigating further. If a suit is brought forward, we will comply and respond accordingly.

Regards,

cid90800*image002.png@01D7F1D0.ACDB1710          **John M. Leach**

Municipal Administrator

City and Borough of Sitka, Alaska

100 Lincoln Street, Sitka, Alaska, 99835

(907) 747-1812

administrator@cityofsitka.org

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

[Image removed by sender.] Book time to meet with me

[Quoted text hidden]

---

**Austin Cranford** <austinwcranford@gmail.com>                                 Sat, Aug 2, 2025 at 7:23 PM
To: John Leach <john.leach@cityofsitka.org>
Cc: Rachel Jones <rachel.jones@cityofsitka.org>, Sara Peterson <sara.peterson@cityofsitka.org>, Mindy Lowrance
<mindy.lowrance@cityofsitka.org>, Melissa Wileman <melissa.wileman@cityofsitka.org>, John Leach
<john.leach@cityofsitka.org>, assembly@cityofsitka.org

John and Members of the Assembly,

I am reopening this issue with the Assembly CC'd due to irrefutable new evidence that the city continues to violate
people's First Amendment rights.

This is a direct and forceful response to the email from John, dated June 4, 2025, which stated, **"Based on confirmation
from the SPD that no member of the public is allowed to post comments on the SPD's Facebook page or posts, I
do not find cause for any further investigation."**

That statement is not only factually incorrect but appears to have been deliberately misleading. A screenshot taken today,
August 2, 2025, at 19:00, shows a member of the public successfully commenting on the SPD's Facebook page. This
directly contradicts the SPD's claim and proves that their policy is not applied consistently, **suggesting a selective
enforcement designed to silence some voices while permitting others.** (See: Rosenberger v. Rectors and Visitors
of the University of Virginia (1995): **"When the government targets not subject matter but particular views taken
by speakers on a subject, the violation of the First Amendment is all the more blatant. Viewpoint discrimination is
thus an egregious form of content discrimination. The government must abstain from regulating speech when
the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction."
~ Justice Anthony Kennedy**)

I once again demand that the city and the Assembly open the comment section to all members of the public. As previously
established, and now reinforced by the city's own actions, **the SPD's Facebook page is a public forum.** Your continued
refusal to acknowledge this, despite the legal precedent of **Lindke v. Freed and Justice Barrett's comments,
constitutes a deliberate disregard for established constitutional law.**

The city's pattern of providing false information and its continued refusal to rectify this known problem is an unacceptable
breach of public trust. This inaction, combined with the clear violation of constitutional rights, is no longer just a policy
issue—it rises to the level of a potential criminal offense under **18 U.S. Code § 242, Deprivation of rights under color
of law.**

I am formally putting the city and this assembly on notice that this issue will not be ignored. I expect an immediate and
effective remedy to ensure all members of the public have equal access to this public forum. Failure to act will compel me
to pursue all available legal avenues.

Sincerely,
Austin W Cranford



**Sitka Police Department**
Government organization

⊘ Send message

👍💙 Tara Smith and 32 others

2 comments  5 shares

👍 Like                    ↗ Share

💬  Sitka Police Department limited who can comment on this post.

Most relevant ▾

**Bryant Pappas**
Will it be live streamed ?

1d  Like                    👍

✏ Author
**Sitka Police Department**
**Bryant**, we are going to try. We've never done it, and we have some account
hurdles to jump through, but if we can, we will.

1d  Like  Reply                    3 👍

**Sitka Police Department**
Yesterday at 11:47 AM · 🌐
Remember, come to Harrigan Hall tonight at 6:00 to meet the new chief and give your input on
what the priorities of the department should be.  Meet and greet starts at ... See more

**Sitka Police Department**
Government organization

⊘ Send message

👍💙 Tara Smith and 32 others

2 comments  5 shares

👍 Like                    ↗ Share

💬  Sitka Police Department limited who can comment on this post.

[Quoted text hidden]

Mr. Cranford,

Thank you for your message. I want to respond directly to your concerns and clarify some key points about how the Sitka Police Department (SPD) uses its Facebook page, how our policy works, and how that aligns with the law.

First, it's important to understand that the SPD Facebook page is not a traditional or designated public forum where comments are always allowed on any lawful topic (i.e. not pornography). As outlined in the City and Borough of Sitka's (CBS) social media policy, the page operates as a limited public forum. That means the City has the legal right to decide when and how the public can interact with posts, just like the Assembly decides when public comment is allowed during Assembly meetings and can restrict public comment on specific items to being reasonably related to that item.

The example you provided, a screenshot of a comment on a post from August 2nd, actually proves the opposite of what you suggest. SPD had temporarily opened comments for a specific community event, which is allowed and consistent with both our limited public forum policy and constitutional guidelines. When the City opens a limited public forum like this, it can set reasonable rules around the topic and timing of comments.

To put it in perspective, when the Assembly holds a town hall about the animal shelter, the public is invited to speak, but only about animal shelter issues. It doesn't mean the microphone is open to any topic. Similarly, when SPD opens up comments for a post about a specific event, the comment space is intended for discussion about that event only, not for all topics. On regular informational posts (like notices or updates), comments are turned off, and the SPD Facebook page functions as a notice board, and that's okay under the law. Anyone who wants to start a discussion about those posts is welcome to share them elsewhere and comment as they see fit.

You also mentioned *Lindke v. Freed* and other case law. We've reviewed these cases carefully with attorneys from around the Pacific Northwest, and they don't apply in this situation. *Lindke* deals with personal social media accounts of public officials being used for government business, which is not the case here. The SPD Facebook page is an official department page, and it follows consistent, content-neutral rules based on our policy.

Finally, your reference to criminal law, specifically 18 U.S. Code § 242, is serious. I want to be clear: The City is not violating anyone's rights. We take constitutional protections seriously, and we've taken deliberate steps to ensure our policies and practices comply with legal standards. There has been no deception, no selective enforcement, and no suppression of viewpoints.

We've reviewed your concerns, and we stand by our policy and how it's been applied. If you decide to pursue this further, that's entirely your choice, but the record will reflect that the City has acted legally, responsibly, and in good faith throughout.

Best,



**John M. Leach**

Municipal Administrator

City and Borough of Sitka, Alaska

100 Lincoln Street, Sitka, Alaska, 99835

(907) 747-1812

administrator@cityofsitka.org

*OUR MISSION: Provide public services for Sitka that support a livable community for all.*

*Service | Integrity | Teamwork | Kindness | Accountability*

Book time to meet with me

---

**From:** Austin Cranford <austinwcranford@gmail.com>
**Sent:** Saturday, August 2, 2025 7:23 PM
**To:** John Leach <john.leach@cityofsitka.org>
**Cc:** Rachel Jones <rachel.jones@cityofsitka.org>; Sara Peterson <sara.peterson@cityofsitka.org>; Mindy Lowrance <mindy.lowrance@cityofsitka.org>; Melissa Wileman <melissa.wileman@cityofsitka.org>; assembly <assembly@cityofsitka.org>
**Subject:** Re: Social Media Policy Response

Some people who received this message don't often get email from austinwcranford@gmail.com. Learn why this is important

John and Members of the Assembly,

I am reopening this issue with the Assembly CC'd due to irrefutable new evidence that the city continues to violate people's First Amendment rights.

This is a direct and forceful response to the email from John, dated June 4, 2025, which stated, **"Based on confirmation from the SPD that no member of the public is allowed to post comments on the SPD's Facebook page or posts, I do not find cause for any further investigation."**

That statement is not only factually incorrect but appears to have been deliberately misleading. A screenshot taken today, August 2, 2025, at 19:00, shows a member of the public successfully commenting on the SPD's Facebook page. This

directly contradicts the SPD's claim and proves that their policy is not applied consistently, **suggesting a selective enforcement designed to silence some voices while permitting others.** (See: Rosenberger v. Rectors and Visitors of the University of Virginia (1995): <u>"When the government targets not subject matter but particular views taken by speakers on a subject, the violation of the First Amendment is all the more blatant. Viewpoint discrimination is thus an egregious form of content discrimination. The government must abstain from regulating speech when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction."</u> ~ Justice Anthony Kennedy)

I once again demand that the city and the Assembly open the comment section to all members of the public. As previously established, and now reinforced by the city's own actions, **the SPD's Facebook page is a public forum.** Your continued refusal to acknowledge this, despite the legal precedent of **Lindke v. Freed and Justice Barrett's comments, constitutes a deliberate disregard for established constitutional law.**

The city's pattern of providing false information and its continued refusal to rectify this known problem is an unacceptable breach of public trust. This inaction, combined with the clear violation of constitutional rights, is no longer just a policy issue—it rises to the level of a potential criminal offense under **18 U.S. Code § 242, Deprivation of rights under color of law.**

I am formally putting the city and this assembly on notice that this issue will not be ignored. I expect an immediate and effective remedy to ensure all members of the public have equal access to this public forum. Failure to act will compel me to pursue all available legal avenues.

Sincerely,
Austin W Cranford



**Sitka Police Department**
Government organization

@ Send message

Tara Smith and 32 others

2 comments  5 shares

👍 Like                    ↪ Share

💬 Sitka Police Department limited who can comment on this post.

Most relevant ▾

**Bryant Pappas**
Will it be live streamed ?

1d   Like

> ✏️ Author
> **Sitka Police Department**
> Bryant, we are going to try. We've never done it, and we have some account
> hurdles to jump through, but if we can, we will.
>
> 1d   Like   Reply                    3 👍

**Sitka Police Department**
Yesterday at 11:47 AM · ↩
Remember, come to Harrigan Hall tonight at 6:00 to meet the new chief and give your input on
what the priorities of the department should be.  Meet and greet starts at ... See more



**Sitka Police Department**
Government organization

@ Send message

Tara Smith and 32 others

2 comments  5 shares

👍 Like                    ↪ Share

💬 Sitka Police Department limited who can comment on this post.

On Wed, Jun 4, 2025 at 12:26 PM John Leach <john.leach@cityofsitka.org> wrote:

Mr. Cranford,

Please feel free to release my email, your response, and the updated policy to the public as they are all public documents. You are also more than welcome to file a complaint with the federal courts. We have discussed this matter with our own legal team, and similar legal guidance was also provided by legal panels in both Washington State and Oregon State during the 2024 and 2025 Northwest City Manager's conferences. I consider the matter closed from a CBS administrative perspective, and I will not be investigating further. If a suit is brought forward, we will comply and respond accordingly.

Regards,

John M. Leach

[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

Book time to meet with me

--

# Austin W Cranford

Phone: 907-201-0340

Email: AustinWCranford@gmail.com

[Quoted text hidden]

---

**Austin Cranford** <austinwcranford@gmail.com>                                    Mon, Aug 4, 2025 at 1:53 PM
To: John Leach <john.leach@cityofsitka.org>
Cc: Rachel Jones <rachel.jones@cityofsitka.org>, Sara Peterson <sara.peterson@cityofsitka.org>, Mindy Lowrance <mindy.lowrance@cityofsitka.org>, Melissa Wileman <melissa.wileman@cityofsitka.org>, "Chad Goeden (Chief of Police)" <chad.goeden@sitkapd.org>, John Leach <john.leach@cityofsitka.org>, assembly@cityofsitka.org

John, and Members of the Assembly,

I have received your response, and it contains significant contradictions and misinterpretations that require immediate clarification. I will also request that the assembly not be removed from this email chain, as was just done in the response.

First, your email claims the SPD Facebook page is a "limited public forum." This directly conflicts with the statement made in your June 4th email, which asserted that "no member of the public is allowed to post comments." The City cannot have

it both ways. Was the previous claim a deliberate misrepresentation, or is your current classification of the page as a limited public forum incorrect?

Furthermore, your claim that the screenshot "proves the opposite" of what I suggest is illogical. The screenshot provides irrefutable evidence of selective enforcement. It shows that the commenting feature was not universally disabled but was actively managed to allow a specific individual to post. This is the very definition of selective enforcement and viewpoint discrimination. Your assertion that there has been "no selective enforcement" is contradicted by your own actions and the evidence provided.

Regarding the legal precedent, your attempt to dismiss **Lindke v. Freed** as inapplicable because this is an official department page, not a personal one, misconstrues the central holding of the case. *Lindke*'s two-part test establishes the standard for determining when government conduct on social media is state action, regardless of the account type. The City of Sitka is engaged in state action by using an official department page to manage public speech, and therefore, the case is directly relevant.

The **two-part test used in Lindke** is as follows: <u>**1. Did the official purport to act in an official capacity? 2. Did the official use their official authority to take the action?**</u>

Finally, I stand by my assessment of the city's conduct under **18 U.S. Code § 242**. You have provided false information and have continued to apply a policy of selective speech restriction, which has the effect of suppressing certain viewpoints. The City's refusal to address this issue after it was initially identified in June, coupled with your contradictory explanations, does not demonstrate "good faith."

I again demand that the City cease its policy of selective censorship and open the comments section to all members of the public equally. Your current response does not resolve this issue; it exacerbates it by providing misleading and contradictory information. I would also like to advise that this email chain is actively being shared with lawyers based on the above arguments

Sincerely,

Austin W. Cranford
[Quoted text hidden]


## Social Media Policy Response

**John Leach** <john.leach@cityofsitka.org>                                    Mon, Aug 4, 2025 at 2:29 PM
To: Austin Cranford <austinwcranford@gmail.com>
Cc: Rachel Jones <rachel.jones@cityofsitka.org>, Sara Peterson <sara.peterson@cityofsitka.org>, Mindy Lowrance
<mindy.lowrance@cityofsitka.org>, Melissa Wileman <melissa.wileman@cityofsitka.org>, "Chad Goeden (Chief of Police)"
<chad.goeden@sitkapd.org>, John Leach <john.leach@cityofsitka.org>

Mr. Cranford,

Thank you for your message.

Given your stated intent to pursue legal action and your indication that you've shared our prior
communication with your attorney, any further discussion on this matter should take place directly between
your legal counsel and the Municipal Attorney.

City staff will not be engaging further on this issue directly.

[Quoted text hidden]

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

The injury is the deprivation of my constitutional right to free speech and the suppression of my ability to participate equally in a public forum maintained by the City. Meanwhile as a candidate for public office, the defendants' actions have also hindered my ability to communicate with the public on a platform designated for civic discourse, thereby interfering with my ability to engage in political campaigning. This deprivation has caused ongoing distress and has deprived me of my ability to engage in civic discourse with my government and my community.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

The plaintiff seeks the following relief from the Court:

1. A declaratory judgment stating that the defendants' policy and practice of selectively allowing comments on the Sitka Police Department's Facebook page is unconstitutional.

2. A permanent injunction ordering the defendants to cease their practice of selective enforcement and to open the comments section on their official social media pages to all members of the public equally.

3. An award of nominal damages in an amount to be determined at trial.

4. An award of reasonable attorneys' fees and costs associated with this lawsuit."

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:                08/04/2025

Signature of Plaintiff

Printed Name of Plaintiff        Austin Wayne Cranford

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

FROM:

Austin W Cranford
616 Sawmill Creek Rd.
Sitka, AK, 99835



CERTIFIED MAIL

7022 2410 0001 7703 5971



Retail

U.S. POSTAGE PAID
FCM LG ENV
SITKA, AK 99835
AUG 04, 2025

RDC 99    99801    $8.30

S2324Y500405-05

TO:

U.S. District Court
PO Box 020349
709 W. 9th Street, Rm 979
Juneau, AK 99801

**Utility Mailer**
**10 1/2" x 16"**

**Ready P ost.**