# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

AUSTIN WAYNE CRANFORD,

Plaintiff,

v.

CITY AND BOROUGH OF SITKA, *et al.*,

Defendants.

Case No. 1:25-cv-00010-SLG

## ORDER ON MOTION TO DISMISS

Before the Court at Docket 7 is Defendants the City and Borough of Sitka (the "City"), the Sitka Police Department ("SPD"), John M. Leach – Municipal Administrator, and the City and Borough of Sitka Assembly's Motion to Dismiss. Plaintiff Austin Wayne Cranford responded in opposition at Docket 9, to which Defendants replied at Docket 13. Oral argument on the motion was not requested and was not necessary to the Court's determination.

## BACKGROUND

The facts as alleged in the Complaint and taken as true for the purposes of this Motion to Dismiss are as follows:

Mr. Cranford is a resident of the City and Borough of Sitka.[1] In March 2025, Mr. Cranford emailed City officials asserting that the City's social media policy—

---

[1] Docket 1 at 5.

specifically the Sitka Police Department's restriction of comments on its official Facebook page—violated the First Amendment.[2] On June 4, 2025, Defendant John Leach, a Municipal Administrator, responded to Mr. Cranford, stating that "[b]ased on confirmation from the SPD that no member of the public is allowed to post comments on the SPD's Facebook page or posts, [he did] not find cause for any further investigation."[3] Mr. Leach further stated that he had updated the City's social media policy to clarify the status of the City's official social media pages. The updated policy states:

a. **CBS official social media pages that do not allow public comments are not public forums** of any type (traditional, designated, limited); and
b. **CBS official social media pages that do allow public comments are limited public forums.** In limited public forums, it is lawful for the governmental entity to moderate public comments that are off-topic and to impose time, place, and manner restrictions, such as moderating comments that constitute harassment or pornography.[4]

On August 2, 2025, Mr. Cranford "observed and took a screenshot" of a query made on SPD's Facebook page by a member of the public, Bryant Pappas.[5] SPD had posted an invitation to the public to an in-person event to meet the new chief of SPD. Mr. Pappas posted a query, "[w]ill it be live streamed?" to which SPD

---

[2] Docket 1 at 5, 8.

[3] Docket 1 at 5.

[4] Docket 1 at 8 (emphasis in original).

[5] Docket 1 at 5.

Case No. 1:25-cv-00010-SLG, *Cranford v. City and Borough of Sitka, et al.*
Order on Motion to Dismiss
Page 2 of 18
Case 1:25-cv-00010-SLG    Document 17    Filed 04/29/26    Page 2 of 18

responded, "Bryant, we are going to try, We've never done it, and we have some account hurdles to jump through, but if we can, we will."[6]

Later that same day, Mr. Cranford emailed Mr. Leach and members of the Assembly "reopening [the] issue . . . due to irrefutable new evidence that the city continues to violate people's First Amendment rights."[7] He stated that "[a] screenshot taken today, August 2, 2025, at 19:00, shows a member of the public successfully commenting on the SPD's Facebook page. This directly contradicts the SPD's claim and proves that their policy is not applied consistently, suggesting a selective enforcement designed to silence some voices while permitting others."[8]

On August 4, 2025, Mr. Leach responded to Mr. Cranford in an effort to "clarify some key points about how [SPD] uses its Facebook page, how [the City's] policy works, and how that aligns with the law."[9] Mr. Leach maintained that SPD's Facebook page "operates as a limited public forum" for which "the City has the legal right to decide when and how the public can interact with posts."[10] According to Mr. Leach, "SPD had temporarily opened comments for a specific community event, which is allowed and consistent with both [the City's] limited public forum

---

[6] Docket 1 at 6-7.

[7] Docket 1 at 11.

[8] Docket 1 at 11.

[9] Docket 1 at 13.

[10] Docket 1 at 13.

Case No. 1:25-cv-00010-SLG, *Cranford v. City and Borough of Sitka, et al.*
Order on Motion to Dismiss
Page 3 of 18

Case 1:25-cv-00010-SLG    Document 17    Filed 04/29/26    Page 3 of 18

policy and constitutional guidelines."[11]

On August 18, 2025, Mr. Cranford initiated this action. The Complaint alleges that "[t]he fact that the Sitka Police Department's Facebook page allows some members of the public to comment while restricting others, including myself, demonstrates a practice of selective enforcement" that Mr. Cranford alleges violates the First Amendment.[12] Mr. Cranford seeks "[a] declaratory judgment stating that the defendants' policy and practice of selectively allowing comments on the Sitka Police Department's Facebook page is unconstitutional," a permanent injunction "to open the comments section . . . to all members of the public equally," and nominal damages.[13]

## LEGAL STANDARD

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim for which relief can be granted." "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] Nonetheless, "the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual

---

[11] Docket 1 at 13.

[12] Docket 1 at 7.

[13] Docket 1 at 20.

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Case No. 1:25-cv-00010-SLG, *Cranford v. City and Borough of Sitka, et al.*
Order on Motion to Dismiss
Page 4 of 18

Case 1:25-cv-00010-SLG     Document 17     Filed 04/29/26     Page 4 of 18

allegations."[15]

When deciding a Rule 12(b)(6) motion, a court considers only the complaint, materials incorporated into the complaint by reference, and matters on which a court has taken judicial notice.[16] "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."[17]

When a motion to dismiss for failure to state a claim is granted, a court "should freely give leave when justice so requires."[18] However, "leave may be denied if amendment of the complaint would be futile."[19] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[20]

## DISCUSSION

Mr. Cranford brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his First Amendment right to free speech. "To state a claim

---

[15] *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

[16] *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

[17] *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original) (citations omitted).

[18] Fed. R. Civ. P. 15(a).

[19] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[20] *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

Case No. 1:25-cv-00010-SLG, *Cranford v. City and Borough of Sitka, et al.*
Order on Motion to Dismiss
Page 5 of 18

Case 1:25-cv-00010-SLG    Document 17    Filed 04/29/26    Page 5 of 18

under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[21] The parties do not dispute that there was state action here. Therefore, the question before the Court is whether Mr. Cranford has plausibly alleged that Defendants violated Mr. Cranford's First Amendment rights when they posted Mr. Pappas's query on SPD's Facebook page while restricting Mr. Cranford from making any comments.

The extent to which the government may restrict speech in a particular forum depends on the nature of the relevant forum.[22] For the purpose of forum analysis, government property can be characterized as: (1) a traditional public forum, (2) a designated public forum, (3) a limited public forum, or (4) a nonpublic forum.[23] A traditional public forum is on a government property "which 'by long tradition or by government fiat [has] been devoted to assembly and debate,'" such as public streets and parks.[24] A designated public forum is "government property that has not traditionally been regarded as a public forum [that] is intentionally opened up

---

[21] *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted).

[22] *See Cornelius v. NAACP Legal Def. & Educ. Fund*, 473 U.S. 788, 800 (1985).

[23] *See Christian Legal Soc'y Chapter of Univ. of Cal. v. Martinez*, 561 U.S. 661, 679 n.11 (2010); *Ark. Educ. Television Comm'n v. Forbes*, 523 U.S. 666, 677 (1998) (citing *Cornelius*, 473 U.S. at 802).

[24] *Cornelius*, 473 U.S. at 802 (quoting *Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37, 45 (1983))

Case No. 1:25-cv-00010-SLG, *Cranford v. City and Borough of Sitka, et al.*
Order on Motion to Dismiss
Page 6 of 18

Case 1:25-cv-00010-SLG     Document 17     Filed 04/29/26     Page 6 of 18

for that purpose."[25] Government restrictions on speech in both fora are subject to strict scrutiny.[26] Mr. Cranford does not assert that SPD's Facebook page is a traditional or designated public forum.[27] A limited public forum is "limited to use by certain groups or dedicated solely to the discussion of certain subjects."[28] A nonpublic forum is government property that does not "by tradition or designation, serve as a forum for public communication."[29] In both fora, the First Amendment requires government restrictions on speech to be viewpoint-neutral and reasonable in light of the purpose of the forum.[30]

Defendants assert that SPD's Facebook page is a nonpublic forum or, at most, a limited public forum, while Mr. Cranford appears to contend that it is a limited public forum. The Court need not determine the precise nature of SPD's Facebook page to resolve this motion, because the same standard of review applies whether it is a nonpublic forum or a limited public forum. Instead, the Court considers whether Mr. Cranford has plausibly alleged viewpoint discrimination or

---

[25] *Christian Legal Soc'y*, 561 U.S. at 679 n.11 (citation omitted); *see also Koala v. Khosla*, 931 F.3d 887, 900 (9th Cir. 2019) ("Examples of designated public fora include university meeting facilities, school board meetings, and municipal theaters.").

[26] *Klein v. San Diego County*, 463 F.3d 1029, 1034 (9th Cir. 2006); *Pleasant Grove City v. Summum*, 555 U.S. 460, 469–70 (2009).

[27] *See* Docket 9 at 4.

[28] *Pleasant Grove*, 555 U.S. at 470.

[29] *Preminger v. Peake*, 552 F.3d 757, 765 (9th Cir. 2008).

[30] *Pleasant Grove*, 555 U.S. at 470; *Am. Freedom Def. Initiative v. King County*, 796 F.3d 1165, 1170 (9th Cir. 2015).

Case No. 1:25-cv-00010-SLG, *Cranford v. City and Borough of Sitka, et al.*
Order on Motion to Dismiss
Page 7 of 18

Case 1:25-cv-00010-SLG   Document 17   Filed 04/29/26   Page 7 of 18

an unreasonable restriction of speech in light of SPD's Facebook page's purpose.

### I. Viewpoint Discrimination

"Viewpoint discrimination is an 'egregious form of content discrimination,' which occurs when a government regulation 'targets not subject matter, but particular views taken by speakers on a subject.'"[31] A policy facially discriminates based on viewpoint when it "regulates speech based on the specific motivating ideology or perspective of the speaker."[32] Mr. Cranford does not assert that the City's policy is facially viewpoint discriminatory. As Defendants highlight, "comments are not allowed at all" on SPD's Facebook page,[33] which is a policy that does not "draw[] distinctions based on the message" conveyed by the speaker.[34]

However, Mr. Cranford asserts that Defendants engaged in viewpoint discrimination by "selective[ly] enforc[ing]" the prohibition on comments when it "allow[ed] a technical/administrative inquiry (Poppas' question on streaming)," while "forbidding comments critical of the government."[35] Defendants maintain that "the single message in question was obviously technical and involved public

---

[31] *Ateba v. Leavitt*, 133 F.4th 114, 124 (D.C. Cir. 2025) (quoting *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995)).

[32] *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 899 (9th Cir. 2018) (internal quotation marks and citation omitted).

[33] Docket 7 at 4.

[34] *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015).

[35] Docket 1 at 7; Docket 9 at 2.

Case No. 1:25-cv-00010-SLG, *Cranford v. City and Borough of Sitka, et al.*
Order on Motion to Dismiss
Page 8 of 18
Case 1:25-cv-00010-SLG     Document 17     Filed 04/29/26     Page 8 of 18

access, nothing more" and "[t]he question regarding streaming is self-evidently viewpoint-neutral."[36]

Even if a policy is facially neutral, the uneven application of the policy may nevertheless constitute as-applied viewpoint discrimination.[37] "An as-applied challenge alleges that the restriction on speech is unconstitutional as applied to the litigant's particular speech activity, even though the law may be capable of valid application to others."[38] To determine if Defendants discriminated based on viewpoint in applying the policy to Mr. Cranford, the Court must consider whether Defendants restricted Mr. Cranford's speech "*because of* disagreement with the message it conveys. . . . The government's purpose is the controlling consideration."[39]

Here, the Complaint does not plausibly allege facts that suggest that Defendants restricted Mr. Cranford's speech because of their disagreement with the message he sought to convey. In fact, the Complaint does not allege what

---

[36] Docket 7 at 10.

[37] *See Cornelius*, 473 U.S. at 812-13 (remanding case for determination of whether the government engaged in as-applied viewpoint discrimination pursuant to a facially neutral policy because "the purported concern to avoid controversy excited by particular groups may conceal a bias against the viewpoint advanced by the excluded speakers" and while "this concern is also sufficient to provide reasonable grounds for excluding certain groups . . ., respondents offered some evidence to cast doubt on its genuineness").

[38] *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 856 (9th Cir. 2004) (internal quotation marks and citation omitted).

[39] *Moss v. U.S. Secret Serv.*, 711 F.3d 941, 960 (9th Cir. 2013) (quoting *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989)), *rev'd sub nom. Wood v. Moss*, 572 U.S. 744 (2014).

Case No. 1:25-cv-00010-SLG, *Cranford v. City and Borough of Sitka, et al.*
Order on Motion to Dismiss
Page 9 of 18

message Mr. Cranford sought to convey and how Defendants would have known what that message was. Nor does it suggest that Defendants would have permitted comments expressing an opposite viewpoint. Rather, the allegations indicate that Defendants enforced the no-comment policy uniformly, with a single exception of posting a member of the public's administrative question concerning whether a public meeting would be livestreamed. That type of inquiry is not meaningfully expressive and does not convey a viewpoint on any contested issue. Defendants' posting of the Pappas inquiry does not plausibly suggest that Defendants were permitting favorable viewpoints while suppressing critical ones.

At most, Mr. Cranford's allegations suggest that Defendants permit a narrow category of administrative inquiries on SPD's Facebook page while excluding all other speech, regardless of viewpoint. Such a distinction would constitute content discrimination, which is generally impermissible in a traditional or designated public forum, but is permissible in a limited or nonpublic forum as long as it is reasonable and viewpoint neutral.[40] Therefore, because SPD's Facebook page is, at most, a limited public forum, Defendants may impose content-based restrictions to preserve the page's intended function and "avoid[] controversy that would disrupt"

---

[40] *See Rosenberger*, 515 U.S. at 830 ("[C]ontent discrimination . . . may be permissible if it preserves the purposes of that limited forum, and, on the other hand, viewpoint discrimination . . . is presumed impermissible when directed against speech otherwise within the forum's limitations.").

Case No. 1:25-cv-00010-SLG, *Cranford v. City and Borough of Sitka, et al.*
Order on Motion to Dismiss
Page 10 of 18

that purpose.[41]

Mr. Cranford also argues that Defendants' stated rationale for closing comments—namely, concerns about safety, investigations, and disruption—is pretextual because the City adopted the policy after a period of increased anti-police commentary from the public.[42] However, the relevant question is whether Defendants acted *because of* their disagreement with Mr. Cranford's viewpoint, not whether criticism preceded the adoption of the policy. Mr. Cranford alleges only that criticism of SPD increased before the policy was implemented. He does not allege facts showing that in the past Defendants had permitted favorable comments while suppressing unfavorable ones, targeted particular speakers, or otherwise acted out of hostility toward a specific viewpoint. Without more, the allegation that the policy was adopted after an increase in anti-police speech does not plausibly support an inference that Defendants' stated rationale was merely a pretext for viewpoint discrimination.

Further, Mr. Cranford appears to attempt to allege additional facts in his opposition and supplemental filings to support his contention that the policy, as applied to him, is viewpoint discriminatory.[43] He also appears to assert a First

---

[41] *Cornelius*, 473 U.S. at 809.

[42] Docket 9 at 4-5.

[43] *See* Docket 9 at 3; Docket 12; Docket 12-1; Docket 12-2.

Case No. 1:25-cv-00010-SLG, *Cranford v. City and Borough of Sitka, et al.*
Order on Motion to Dismiss
Page 11 of 18

Amendment retaliation claim on that basis.[44] However, when considering a motion to dismiss under Rule 12(b)(6), the Court must not "look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."[45] Therefore, the Court limits the scope of Mr. Cranford's allegations to those contained in the Complaint. However, the Court will grant leave to amend to accord Mr. Cranford an opportunity to plead his retaliation claim.

For the foregoing reasons, the Court finds Mr. Cranford has not plausibly alleged that Defendants discriminated against him based on his viewpoint when they prohibited all comments on SPD's Facebook page except for the Pappas administrative inquiry.

## II. Reasonableness

In a nonpublic forum opened for a limited purpose, restrictions on access "can be based on subject matter . . . so long as the distinctions drawn are reasonable in light of the purpose served by the forum."[46] Mr. Cranford contends that SPD's policy is not reasonable because a blanket prohibition on comments is unnecessary as evidenced by other police departments in Alaska permitting comments subject to moderation.[47]

---

[44] Docket 9 at 3.

[45] *Schneider*, 151 F.3d at 1197 n.1.

[46] *Cornelius*, 473 U.S. at 806; *see also Perry*, 460 U.S. at 49.

[47] Mr. Cranford also asserts that the policy is not reasonable because it is pretextual, pointing to the timing of the policy's adoption following increased anti-police speech. Docket 9 at 4-5. The Court addresses Mr. Cranford's pretext argument in its discussion of viewpoint discrimination

Case No. 1:25-cv-00010-SLG, *Cranford v. City and Borough of Sitka, et al.*
Order on Motion to Dismiss
Page 12 of 18
Case 1:25-cv-00010-SLG     Document 17     Filed 04/29/26     Page 12 of 18

Mr. Cranford's allegations do not plausibly allege that SPD's policy is unreasonable. As an initial matter, the reasonableness inquiry does not require the government to adopt the least restrictive alternative.[48] Thus, the fact that other police departments may choose to allow public comments while moderating them does not render Defendants' different approach unreasonable. The question is not whether a more speech-permissive policy is conceivable, but whether the chosen restriction is reasonable in light of the forum's intended purpose.

Here, Defendants assert that the purpose of the SPD Facebook page is to "function[] solely as a one-directional notice board" for disseminating official information to the public.[49] Defendants further contend that allowing unrestricted public commentary could "interfere[] in active investigations" and "spread . . . misinformation about threats or the identity of suspects."[50] These concerns mirror those recognized by the Supreme Court in *Perry*[51] and *Lehman v. City of Shaker Heights*,[52] where the Court upheld access restrictions designed to preserve the

---

above.

[48] *United States v. Kokinda*, 497 U.S. 720, 735-36 (1990).

[49] Docket 1 at 8.

[50] Docket 7 at 4-5.

[51] 460 U.S. at 51–52 (holding that denying access to the school's internal mail system to unions other than the school's official bargaining unit was reasonable given the school's purpose to use the mail system for communication of school business and to prevent the system from becoming a battlefield for competing unions).

[52] 418 U.S. 298, 304 (1974) (holding that the city's decision to exclude political advertising from bus signs was reasonable given the city's desire to generate revenue and the potential for "lurking doubts about [political] favoritism, and sticky administrative problems . . . in parceling out limited

Case No. 1:25-cv-00010-SLG, *Cranford v. City and Borough of Sitka, et al.*
Order on Motion to Dismiss
Page 13 of 18
Case 1:25-cv-00010-SLG     Document 17     Filed 04/29/26     Page 13 of 18

intended use and efficiency of the forum and to avoid administrative and operational complications. In light of the asserted purpose of SPD's Facebook page, the City's blanket prohibition on comments is reasonable to maintain control over official communications and avoid the identified risks.

Further, Defendants' allowance of a single public comment does not render the policy unreasonable. Defendants explain that the comment—regarding whether an event would be livestreamed—was posted to convey logistical information to the public and thereby further the page's informational function.[53] Posting an administrative public query and responding to that query advances the forum's purpose and does not undermine the overall restriction or transform the page into a forum for general public discourse. Accordingly, Mr. Cranford has not plausibly alleged that the blanket prohibition on comments is unreasonable in light of the purpose of the forum.

### III. Leave to Amend

Rule 15 requires that leave to amend "be freely given when justice so requires."[54] "This policy is 'to be applied with extreme liberality.'"[55] The Supreme Court has identified five factors a court should consider when deciding whether to

---

space to eager politicians").

[53] Docket 7 at 10.

[54] Fed. R. Civ. P. 15(a)(2).

[55] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001)).

Case No. 1:25-cv-00010-SLG, *Cranford v. City and Borough of Sitka, et al.*
Order on Motion to Dismiss
Page 14 of 18

grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint.[56] Of these, "the consideration of prejudice to the opposing party carries the greatest weight."[57] Here, there is no evidence of bad faith, amendment would be unlikely to cause undue delay, no prejudice to Defendants has been shown, and Mr. Cranford has not previously amended his complaint. Although amendment is likely futile, the Court accords Mr. Cranford an opportunity to file a First Amended Complaint ("FAC") that meets, at a minimum, the following applicable legal standards:

1.  To establish Article III standing, Mr. Cranford must allege: (1) that he has "suffered an 'injury in fact'"; (2) there is a "causal connection between the injury and the conduct complained of"; and (3) it is likely "the injury will be redressed by a favorable decision."[58]

2.  To state a First Amendment retaliation claim, Mr. Cranford must allege: (a) that he "was engaged in constitutionally protected activity"; (b) that Defendants' actions caused him "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and

---

[56] *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

[57] *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap.*, *LLC*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend)).

[58] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

Case No. 1:25-cv-00010-SLG, *Cranford v. City and Borough of Sitka, et al.*
Order on Motion to Dismiss
Page 15 of 18

(c) that Defendants' "adverse action was substantially motivated as a response to [Mr. Cranford's] exercise of constitutionally protected conduct."[59]

3. To state a First Amendment claim based on viewpoint discrimination, Mr. Cranford must allege facts showing that Defendants restricted his speech because of their "disagreement with the message it conveys."[60]

The Court notes that Mr. Cranford's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[61] Rather, "the non-conclusory factual content, and reasonable inferences from that content" in an amended complaint "must be plausibly suggestive of a claim entitling [him] to relief."[62] Here, an amended complaint must describe, at a minimum, the content and the viewpoint of his speech that Mr. Cranford alleges was restricted, when his speech was restricted, and by whom. The amended complaint must also allege how Defendants would have known the content and the viewpoint of the speech Mr. Cranford alleges was restricted and plausible facts showing that Defendants

---

[59] *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1160–61 (N.D. Cal. 2009) (citing *Mendocino Env't Ctr. v. Mendocino County*, 192 F.3d 1283, 1300–01 (9th Cir. 1999)).

[60] *Moss*, 711 F.3d at 960 (quoting *Ward*, 491 U.S. at 791).

[61] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

[62] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

Case No. 1:25-cv-00010-SLG, *Cranford v. City and Borough of Sitka, et al.*
Order on Motion to Dismiss
Page 16 of 18

Case 1:25-cv-00010-SLG    Document 17    Filed 04/29/26    Page 16 of 18

restricted his specific speech because of their disagreement with the message it conveys.

Further, although the Court does not consider Mr. Cranford's supplemental filings in resolving the present motion to dismiss, it notes that those materials do not appear to demonstrate viewpoint discrimination or retaliation. Exhibit A-5 appears to be an unofficial transcript of a City Assembly meeting on February 26, 2024.[63] Mr. Cranford highlights the statement "send a message to Mr. Cranford," which, in context, appears to have arisen during a discussion of Mr. Cranford's public records requests and related appeal, rather than any protected speech.[64] Exhibits B-1 and B-2 appear to be screenshots of comments on an unspecified Facebook page from other members of the public expressing their grievances with the City's social media policy.[65] These materials do not plausibly suggest that Defendants restricted Mr. Cranford's speech because of their disagreement with his viewpoint or took adverse action against him in retaliation. Nevertheless, the Court accords Mr. Cranford with leave to file an amended complaint.

## CONCLUSION

For the foregoing reasons, the Court finds that the Complaint does not plausibly allege that Defendants violated Mr. Cranford's First Amendment rights

---

[63] Docket 12; Docket 9 at 3.

[64] Docket 12 at 1.

[65] Docket 12-1; Docket 12-2.

Case No. 1:25-cv-00010-SLG, *Cranford v. City and Borough of Sitka, et al.*
Order on Motion to Dismiss
Page 17 of 18

when they allowed one public administrative query on one of SPD's posts while prohibiting all other public comments on SPD's Facebook page. Therefore, Defendants' Motion to Dismiss at Docket 7 is GRANTED with leave to amend.

Mr. Cranford may file a FAC **within 28 days** of the date of this order. Failure to file a FAC by that date will be deemed a decision by Mr. Cranford to stand upon the existing allegations and the Court will then dismiss this action for failure to state a claim and enter a final judgment. If an FAC is filed, Defendants shall file an Answer or otherwise respond to the FAC **within 21 days** of the filing of the FAC.[66]

DATED this 29th day of April, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[66] Fed. R. Civ. P. 12(1)(A)(i).

Case No. 1:25-cv-00010-SLG, *Cranford v. City and Borough of Sitka, et al.*
Order on Motion to Dismiss
Page 18 of 18
Case 1:25-cv-00010-SLG    Document 17    Filed 04/29/26    Page 18 of 18