Austin Wayne Cranford, Pro Se

616 Sawmill Creek Rd.

Sitka, Alaska 99835

(907) 201-0340

austinwcranford@gmail.com

RECEIVED

MAY 2 9 2026

Clerk, U.S. District Court
Juneau, AK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

**AUSTIN WAYNE CRANFORD,**

    Plaintiff,

v.

**THE CITY AND BOROUGH OF SITKA, THE SITKA POLICE DEPARTMENT, JOHN M. LEACH – MUNICIPAL ADMINISTRATOR, and THE CITY AND BOROUGH OF SITKA ASSEMBLY,**

    Defendants.

Case No. 1:25-cv-00010-SLG

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

### I. INTRODUCTION

Plaintiff Austin Wayne Cranford, proceeding pro se, respectfully submits this Opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). Defendants' Motion should be denied because the FAC adequately pleads the essential elements of both a First Amendment viewpoint discrimination claim and a First Amendment retaliation claim under

42 U.S.C. § 1983. Defendants' Motion mischaracterizes the FAC, ignores critical photographic evidence already before this Court, and repeats a factual representation that the Sitka Police Department Facebook page is closed to all public comment that Plaintiff's exhibits conclusively disprove.

Plaintiff is a pro se litigant. His pleadings are to be held to a less stringent standard than those drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972). Read with the liberality this Court must afford them, the FAC's allegations are sufficient to survive dismissal.

## II. BACKGROUND

The essential facts of this case are straightforward. The Sitka Police Department ("SPD") maintains an official Facebook page used to communicate with the public on matters of public concern. For years, including as recently as 2022, that page operated as an open forum allowing any member of the public to comment freely. See FAC, Ex. AA (screenshots from January 6, 2022, showing dozens of public comments on SPD posts).

In March 2025, Plaintiff sent written communications to City officials expressing viewpoints critical of the City's social media policies and the police department. FAC ¶ 14. On June 4, 2025, Defendant John Leach, the Municipal Administrator, responded to Plaintiff's communications, claiming that "no member of the public is allowed to post comments on the SPD's Facebook page or posts." See Order on Mot. to Dismiss, Dkt. 17, at 2. On August 18, 2025, Plaintiff filed this action.

After the Court granted Defendants' first motion to dismiss with leave to amend, Plaintiff filed his FAC on April 30, 2026. The FAC introduces critical new evidence: multiple screenshots captured from Plaintiff's own Facebook account, each showing the notice "Sitka Police

Department limited who can comment on this post," while simultaneously showing other named members of the public freely posting comments on those same posts. FAC, Exs. BB-1 through BB-6.

This evidence is direct, visual proof of two things: (1) the SPD's Facebook forum has not been universally closed to public comment, contradicting Defendants' core representation to this Court; and (2) Plaintiff specifically is subject to a restriction that does not apply to other members of the public. These facts, taken as true and construed liberally, state a plausible First Amendment claim.

### III. LEGAL STANDARD

A complaint survives a Rule 12(b)(6) motion if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating a motion to dismiss, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

Critically, pro se complaints must be held to a less stringent standard than formal pleadings drafted by lawyers and must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A pro se plaintiff's complaint may only be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21.

Furthermore, when considering a Rule 12(b)(6) motion, the Court accepts exhibits attached to the complaint as part of the complaint itself. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). The Court must consider Plaintiff's exhibits BB-1 through BB-6 and Exhibit AA as part of the FAC's allegations.

## IV. ARGUMENT

### A. Defendants Made a Material Misrepresentation to This Court That Plaintiff's Exhibits Conclusively Refute.

Before addressing Defendants' specific arguments, Plaintiff must bring to the Court's attention a serious problem: Defendants have repeatedly represented to this Court that the SPD Facebook page is closed to all public comment a claim their own counsel repeated in their original Motion to Dismiss at Docket 7 yet Plaintiff's Exhibits BB-1 through BB-6 prove this representation is false.

Defendants stated in their original motion that "comments are not allowed at all" on the SPD Facebook page. Dkt. 7 at 4. This Court's Order on the first motion to dismiss quoted Defendants' position that the page operates as a "one-directional notice board" with no public commenting permitted. Dkt. 17 at 13.

Exhibits BB-1 through BB-6, which are screenshots taken from Plaintiff's own Facebook account across a span of months from August 2025 through March 2026, tell a different story entirely. Each exhibit shows an SPD Facebook post bearing the notice "Sitka Police Department limited who can comment on this post" while simultaneously showing named members of the public commenting on those very posts:

- Exhibit BB-1: Bryant Pappas comments "Will it be live streamed?" on an August 1, 2025 SPD post;

• Exhibit BB-2: Jakov Caturix comments on a November 3, 2025 SPD post;

• Exhibit BB-3: Patricia Alexander comments on a December 5, 2025 SPD post;

• Exhibit BB-4: Tara Smith posts an emoji reaction on a December 12, 2025 SPD post;

• Exhibit BB-5: Felicia Lee Allinger comments on a February 11, 2026 SPD post;

• Exhibit BB-6: Ken Cameron comments "Thanks for posting" on a March 5, 2026 SPD post.

Six named members of the public, across six different posts, spanning seven months all commenting freely on the SPD Facebook page that Defendants told this Court was closed to all public comment. This is not a technicality. This goes to the heart of what this case is about: whether Defendants' stated justification for silencing Plaintiff is genuine or pretextual.

The significance of the banner "Sitka Police Department limited who can comment on this post" is also important. This is a Facebook platform notification that appears specifically to users whose commenting ability has been restricted on that page. It is not a general notice visible to all users. The fact that Plaintiff sees this banner while other users are simultaneously able to comment on the same posts is direct evidence that Plaintiff has been individually targeted for restriction, not that the forum has been universally closed.

## B. The FAC Adequately Alleges a First Amendment Retaliation Claim.

To state a First Amendment retaliation claim under § 1983, a plaintiff must allege: (1) that he engaged in constitutionally protected activity; (2) that the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a

response to plaintiff's exercise of constitutionally protected conduct. *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1160-61 (N.D. Cal. 2009).

The FAC satisfies each of these elements.

### 1. Protected Activity.

FAC paragraph 14 alleges that Plaintiff engaged in constitutionally protected speech by sending written communications to City officials in March 2025 expressing viewpoints critical of the City's social media policies and the police department. Criticism of government policy and government officials on matters of public concern is quintessential First Amendment protected activity. *See Connick v. Myers*, 461 U.S. 138, 145 (1983). Defendant Leach's written response to Plaintiff's communications already in the record as referenced at Docket 1 and quoted in this Court's prior order confirms that Defendants were fully aware of Plaintiff's identity and the viewpoints he expressed.

Defendants argue that the FAC does not describe "what comments Mr. Cranford allegedly made." Mot. at 2. But the FAC does identify the substance of Plaintiff's protected speech: viewpoints critical of the City's social media policies and the police department, expressed via email to City officials including Defendant Leach. FAC ¶ 14. The First Amendment protects this speech. More importantly, the fact that Defendant Leach personally received and responded to these communications in writing establishes that Defendants knew exactly who Plaintiff was and what viewpoints he held.

### 2. Cognizable Injury.

Being specifically singled out and silenced on an official government forum while other citizens retain full commenting access to that same forum is a concrete, particularized injury that would unquestionably chill a person of ordinary firmness from continuing to criticize that

government. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) ("[A]ny retaliatory adverse action taken against an inmate, even if not rising to the level of a constitutional violation, is sufficient to support a § 1983 retaliation claim if it is more than de minimis."). Being individually restricted from participating in a public government forum while others speak freely is more than de minimis.

The FAC alleges Plaintiff is left with only the ability to "like" posts on the SPD Facebook page, while other members of the public may comment freely. FAC ¶ 18. This is a targeted, individualized restriction that directly impairs Plaintiff's ability to engage with official government communications and that would chill any reasonable person from continuing to voice criticism of the government.

### 3. Causal Connection.

The causal connection between Plaintiff's protected speech and the adverse action is supported by the following sequence alleged in the FAC: Plaintiff sent critical communications to City officials in March 2025 (FAC ¶ 14); Defendant Leach personally acknowledged receipt and responded to those communications in June 2025 (FAC ¶ 15); the SPD Facebook page, which had previously operated as an open forum (FAC, Ex. AA), was restricted using an account-level limitation tool targeting Plaintiff specifically (FAC ¶¶ 16-18); and as of the filing of the FAC, Plaintiff remains individually restricted while other members of the public comment freely (FAC, Exs. BB-1 through BB-6).

The temporal proximity between Plaintiff's March 2025 critical communications and the imposition of the restriction with Leach's own written response linking the two events is sufficient at the pleading stage to support a plausible inference of retaliatory motive. See

Coszalter v. City of Salem, 320 F.3d 968, 977 (9th Cir. 2003) ("[T]he timing of the retaliatory acts relative to the protected speech" is a relevant factor in establishing causation).

Defendants argue that Plaintiff offers "nothing supporting" the retaliation claim. Mot. at 2. This is incorrect. The FAC alleges a clear chronological sequence: protected speech → government awareness of that speech (confirmed by Leach's written response) → individual targeting using a digital restriction tool → ongoing silencing while others speak. At the pleading stage, this is more than sufficient.

## C. The FAC Adequately Alleges Viewpoint Discrimination as an Alternative Theory.

Even independent of the retaliation claim, the FAC adequately alleges viewpoint discrimination. Viewpoint discrimination occurs when "a government regulation targets not subject matter, but particular views taken by speakers on a subject." Rosenberger v. Rector & Visitors of Univ. of Va., 515 U.S. 819, 829 (1995). In both limited public fora and nonpublic fora, viewpoint discrimination is constitutionally impermissible. See Pleasant Grove City v. Summum, 555 U.S. 460, 469-70 (2009).

This Court's prior order found that the original complaint did not plausibly allege viewpoint discrimination because the no-comment policy appeared facially neutral and uniformly applied. Dkt. 17 at 10. But the FAC presents an entirely different factual picture. The FAC now alleges and supports with photographic evidence that the forum is not uniformly closed. Instead, Defendants have used Facebook's account-level "limit who can comment" tool to selectively permit certain users to comment while specifically blocking Plaintiff. FAC ¶ 16-20, Exs. BB-1 through BB-6.

This is not content discrimination. This is not a blanket restriction. This is Defendants choosing using a digital tool purpose-built to restrict specific individuals to silence one citizen while allowing others to speak. The citizens permitted to speak are those who have not criticized the City. The citizen silenced is the one who did. This is the definition of viewpoint discrimination.

Defendants contend that Plaintiff's case "still rests on the claim that by letting a few comments to exist, the City has violated his rights." Mot. at 3. This mischaracterizes the claim. Plaintiff's claim is not that a few stray comments accidentally slipped through a policy of general closure. Plaintiff's claim is that the forum was selectively restricted at the individual account level using a specific digital tool and that this tool was deliberately deployed against him, and only against him, because of his critical viewpoints. That is precisely the kind of individualized, viewpoint-motivated restriction that the First Amendment forbids.

### D. The FAC Adequately Alleges Article III Standing.

To establish standing, a plaintiff must allege: (1) an injury in fact; (2) a causal connection between the injury and the challenged conduct; and (3) redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

Injury in fact: Plaintiff is individually and specifically restricted from commenting on SPD's official Facebook page while other citizens are not. FAC ¶ 17-18. This is a concrete, particularized, ongoing deprivation of his First Amendment right to participate in a government forum. See Ariz. Right to Life PAC v. Bayless, 320 F.3d 1002, 1006 (9th Cir. 2003) (chilling of First Amendment rights constitutes injury in fact).

Causal connection: The restriction was imposed using a Facebook account-level restriction tool applied specifically to Plaintiff's account, following his expression of critical viewpoints to the same Defendants who manage the SPD Facebook page. FAC ¶¶ 14-19.

Redressability: A court order requiring Defendants to restore Plaintiff's commenting access on equal terms with other members of the public would directly remedy Plaintiff's injury. FAC, Prayer for Relief ¶ B.

### E. If the Court Finds the FAC Deficient, Leave to File a Second Amended Complaint Should Be Freely Granted.

Should the Court find any element of the FAC insufficiently pleaded, Plaintiff respectfully requests leave to file a Second Amended Complaint. Rule 15(a)(2) provides that leave to amend shall be "freely give[n] when justice so requires." This policy is to be applied with "extreme liberality." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).

There is no bad faith, undue delay, or prejudice to Defendants that would justify denying leave. Plaintiff is a pro se litigant diligently pursuing a colorable First Amendment claim. The facts continue to develop the BB exhibits span from August 2025 through March 2026 and Plaintiff has additional evidence available that could further support his claims in a Second Amended Complaint. Specifically, Plaintiff has documented evidence that the City's email system blocked his emails to the Assembly and Administrator on at least two separate occasions February 2, 2026 and April 28, 2026 using the same server rejection code on each occasion, and that the issue was only resolved after Plaintiff notified the City that the matter would be added to this federal case. This constitutes a further pattern of retaliatory interference with Plaintiff's First Amendment right to petition the Government for a redress of grievances, U.S. Const. amend. I,

occurring after the filing of the FAC and directly implicating the same Defendants. Plaintiff is prepared to provide these communications to the Court upon request. Amendment would not be futile: the underlying facts support a cognizable First Amendment claim under retaliation, viewpoint discrimination, and Petition Clause theories.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. In the alternative, Plaintiff requests leave to file a Second Amended Complaint to address any pleading deficiencies the Court identifies.

Defendants told this Court that no member of the public is allowed to comment on the SPD Facebook page. Plaintiff's exhibits prove that is false. Six members of the public, across six posts, over seven months, are shown freely commenting on the very page Defendants claim is universally closed. Meanwhile, Plaintiff who criticized the City in verbally, in writing and by name sees only a restriction notice. The First Amendment exists precisely for cases like this.

Respectfully submitted,

Dated this 22 day of May, 2026.

Austin Wayne Cranford, Pro Se

616 Sawmill Creek Rd.

Sitka, Alaska 99835

(907) 201-0340

austinwcranford@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the _2 2_ day of _MAY_, 2026, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT was served via First-Class U.S. Mail AND via Electronic Mail (email) to the following attorney of record for the Defendants:

Gregory R. Henrikson

Walker & Eakes, LLC

329 F Street, Suite 200

Anchorage, AK 99501

greg@walkereakes.com

aj@walkereakes.com

Austin Wayne Cranford, Pro Se

CERTIFIED MAIL®

7022 2410 0001 7700 1617

Retail

U.S. POSTAGE PAID
FCM LG ENV
SITKA, AK 99835
MAY 22, 2026

99801

$7.74

RDC 99

S2322P501226-07

**FROM:**

Austin W Cranford
616 Sawmill Creek Rd.
Sitka, Alaska, 99835

**TO:**

U.S. District Court
PO Box 020349
709 W. 9th Street, Rm 979
Juneau, AK 99801

FEDERAL STATE
MAY 26 2026
JUNEAU AK

**Utility Mailer**
**10 1/2" x 16"**



Case 1:25-cv-00010-SLG    Document 21    Filed 05/29/26    Page 13 of 13